# In the United States Court of Federal Claims

No. 19-330C
(Filed under seal July 31, 2019)
(Reissued August 14, 2019)†

```
* * * * * * * * * * * * * * * * * *
                                  *
                                  *
                                  *
NOVETTA, INC.,                    *
                                  *
                Plaintiff,        *
                                  *
        v.                        *
                                  *
THE UNITED STATES,                *
                                  *
                Defendant,        *
                                  *
        and                       *
                                  *
SOLERS, INC., NORTHROP            *
GRUMMAN SYSTEMS CORP. and         *
BOOZ ALLEN HAMILTON, INC.,        *
                                  *
        Defendant–Intervenors.    *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

For the reasons stated on the record at the status conference held on **Thursday, July 18, 2019**, the cross-motions for judgment on the administrative record of defendant and defendant-intervenors are **GRANTED**, and plaintiff's motion for judgment on the administrative record is **DENIED**. A brief summary of that ruling follows.

The Court found that two strengths originally assigned to plaintiff Novetta by the Technical Evaluation Board (TEB) under Factor 1 were not arbitrarily removed by the Source Selection Evaluation Board (SSEB). *See* Admin. R. (AR)

---

† This order was originally filed under seal, to allow the parties the opportunity to propose redactions. No redactions were proposed, and the order is reissued with a couple minor, non-substantive corrections.

4390, 4891–92, 36365.  And although the SSEB arbitrarily combined two of Novetta's strengths identified by the TEB into just one strength under Factor 1, *see* AR 4390, this determination was not prejudicial.  The SSEB apparently combined the two strengths because the development of products in the same five technical areas were used as examples for both of the factor elements, making the examples "not significantly different enough to warrant two separate strengths."  *Id.*; *see* AR 14030–34.  On the other hand, despite overlap in the projects used as examples for these two elements, *see* AR 1308–11, two separate strengths were assigned to intervenor Solers---because the evaluators credited different examples under each element, *see id.* 36374.  The Court cannot find it rational for an offeror to be assigned one fewer strength merely because it used the same large group of projects to address two different elements, rather than splitting them up into two distinct, smaller groups.  But the combination of two strengths into one was not prejudicial, because the resulting narrative recounted the beneficial qualities identified for each strength, *see* AR 4389–90, 36377, and thus the Source Selection Authority was aware that Novetta's proposal contained both types of benefits when he conducted his best-value tradeoff analysis.

Plaintiff contended it was the victim of unequal treatment, identifying numerous strengths assigned to other offerors under Factors 1 and 3 for proposal aspects which it believed were similar to those in its own proposal.  But proposal aspects must be "nearly identical" or "indistinguishable" to demonstrate inconsistent subjective judgments, *Enhanced Veteran Sols., Inc. v. United States*, 131 Fed. Cl. 565, 588 (2017), else our court would be drawn into the impermissible second-guessing of evaluation minutiae, *see E.W. Bliss Co. v. United States*, 77 F.3d 445, 449 (Fed. Cir. 1996). The Court did not find the highlighted aspects of Novetta's proposal to be indistinguishable from those of its competitors.

The Court found that the agency's decision to forego discussions, AR 4223–25, was rationally supported and sufficiently explained, and did not rest on unlawful considerations.  The Court did not, however, construe Novetta's challenge to be directed at the solicitation clause announcing the agency's intention to award without discussions, *see* AR 488, and thus the government's motion to dismiss Count IV as untimely was **DENIED**.  The Court also rejected plaintiff's argument that the best value determination was arbitrary.  Although the agency had initially erred in including a Factor 1 strength for offeror NES that had been removed by the SSEB, *see* AR 4376, 36417–20, that strength was not highlighted in the initial determination.  The corrected analysis reflected a qualitative (seven valuable and beneficial strengths offered by NES compared to two strengths of Novetta) and price (more than $154 million lower) advantage for NES, making the determination far from irrational.  *See* AR 36663.

Finally, the Court rejected the arguments of the government and intervenor Northrop Grumman that the waiver rule from the Federal Circuit's decision in *Blue*

*& Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1313–15 (Fed. Cir. 2007), should be extended to preclude the protest grounds that Novetta raised in a GAO protest but were not addressed during the subsequent corrective action. The notice requirement of *Blue & Gold* was satisfied by Novetta's timely filing of the GAO protest, *see DGR Assocs., Inc. v. United States*, 690 F.3d 1335, 1338–39, 1343 (Fed. Cir. 2012); *Vanguard Recovery Assistance v. United States*, 99 Fed. Cl. 81, 90–92 (2011); *cf. Synergy Sols., Inc. v. United States*, 133 Fed. Cl. 716, 739–40 (2017) (finding protest ground waived because it was not included in a previous GAO protest rendered academic by voluntary corrective action), and the corrective action won before the GAO removed the injury of the source selection decision, converting the other protest grounds to interlocutory decisions. *See Technatomy Corp. v. United States*, No. 19-369C, 2019 WL 3806895, at *2–3 (Fed. Cl. July 31, 2019).

For the foregoing reasons, as well as the reasons stated on the record at the status conference held on Thursday, July 18, 2019, plaintiff's motion for judgment on the administrative record is **DENIED**, and the government's and defendant-intervenors' cross-motions for judgment on the administrative record are **GRANTED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge